UNITED STATES /DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE CATHERINE SHALLAL,

        Petitioner,

                                        CASE NO. 08-10308

v.                                          HON. MARIANNE O. BATTANI

CLARICE STOVALL,

        Respondent.

_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

Pending before the Court is Jamie Catherine Shallal's pro se habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state conviction and sentence of nine to twenty years, which resulted from her nolo contendere plea to the charge of solicitation to commit murder. The Court agrees with Respondent, who urges the Court to deny relief, that Petitioner's claims are not cognizable on habeas review. Accordingly, the habeas petition will be denied.

**I. Background**

Petitioner's conviction arose from her attempt to hire someone to murder her husband. Unbeknownst to her, the person she solicited was an uncover police officer, Daniel Main, who had obtained information about Petitioner from Sherry Jacobs, a paid confidential informant.

The facts from the preliminary examination reveal that on July 11, 2004, Officer Main spoke with Petitioner in the visiting room of the Oakland County Jail. Identifying

2:08-cv-10308-MOB-MKM    Doc # 7    Filed 06/25/09    Pg 2 of 8    Pg ID 825

himself as "Ray," Officer Main began a "casual conversation" with Petitioner, during which Petitioner asked Officer Main if he was "okay with this" or "cool with this." Officer Main testified that he understood "this" to mean the murder of Petitioner's husband in exchange for a $50,000 cash payment. To assist the fictional Ray with his mission, Petitioner provided him with a physical description of her husband, a description of the car he drove, his address, directions to his house, and his daily schedule, as well as information regarding her husband's assets, including life insurance policies and real estate. Responding to prompts from Officer Main, Petitioner indicated that Main should not carry out the murder "in front of the kids," that her husband was not the "kind of person" who would commit suicide, and that "it would better if [her husband's body] was found." Petitioner then gave Officer Main thirteen pieces of her jewelry as collateral. Main testified that he was given a deadline of August 4, 2004, because Petitioner told him that she and her husband "had some sort of divorce proceedings on that day."

At the conclusion of the preliminary examination, the district court concluded that the State had met its probable cause burden on all elements of the charge. The court bound the matter over to circuit court for arraignment on the charge in the complaint.

On July 6, 2005, Petitioner pleaded nolo contendere, as charged, to the offense solicitation of murder, Mich. Comp. Laws § 750.157b. The parties and Oakland County Circuit Court Judge Edward Sosnick agreed that the minimum sentence would be at the low end of the sentencing guidelines, which were calculated at 108 to 180 months or nine to fifteen years. On July 20, 2005, Judge Sosnick sentenced Petitioner within the guidelines to a minimum term of nine years and a maximum term of twenty years in prison. The Michigan Court of Appeals denied Petitioner's application for leave to

2

appeal "for lack of merit in the grounds presented," People v. Shallal, No. 273934 (Mich. Ct. App. Nov. 21, 2006), and on April 24, 2007, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. See People v. Shallal, 729 N.W.2d 859 (2007) (table).

Petitioner filed her habeas corpus petition on January 22, 2008. The issues are (1) whether the trial court committed clear error when it denied Petitioner's motion for dismissal based on entrapment and (2) whether Petitioner is entitled to be resentenced on the basis of a different scoring of the sentencing guidelines.

## II. Standard of Review

Petitioner is entitled to the writ of habeas corpus only if she can show that the state court's adjudication of her claims on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle

appeal "for lack of merit in the grounds presented," People v. Shallal, No. 273934 (Mich. Ct. App. Nov. 21, 2006), and on April 24, 2007, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. See People v. Shallal, 729 N.W.2d 859 (2007) (table).

Petitioner filed her habeas corpus petition on January 22, 2008. The issues are (1) whether the trial court committed clear error when it denied Petitioner's motion for dismissal based on entrapment and (2) whether Petitioner is entitled to be resentenced on the basis of a different scoring of the sentencing guidelines.

## II. Standard of Review

Petitioner is entitled to the writ of habeas corpus only if she can show that the state court's adjudication of her claims on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle

from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"Avoiding these pitfalls does not require citation of [Supreme Court] cases — indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam opinion) (emphasis in original). Furthermore, "§ 2254(d) dictates a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Bell v. Cone, 543 U.S. 447, 455 (2005) (quotation marks and citations omitted).

### III. Discussion

**A. Petitioner's Claim of Entrapment**

Petitioner contends that the undercover police officer whom she solicited to murder her husband entrapped her by engaging in impermissible and reprehensible conduct and that the trial court committed clear error by finding otherwise. More specifically, Petitioner contends that the police engaged in reprehensible conduct by paying informant Sherry Jacobs and by helping Jacobs obtain release on parole in return for confidential information. Petitioner further alleges that she would not have committed the crime if Ms. Jacobs had not persisted in raising the issue of murdering her husband and if Officer Main had not manipulated his conversation with Petitioner.

"[T]he Supreme Court has not yet recognized a constitutionally required entrapment defense." Sosa v. Jones, 389 F.3d 644, 645 (6th Cir. 2004). See also United States v. Russell, 411 U.S. 423, 430-32 (1973) (declining to adopt defendant-respondent's proposal of a due-process defense to entrapment). Therefore, the state

4

court's rejection of Petitioner's entrapment claim was not contrary to, or an unreasonable application of, clearly established federal law. Sosa, 389 F.3d at 645.

Even if Petitioner's claim of entrapment were cognizable on habeas corpus review, the Court agrees with the state court's conclusion that the claim lacks merit. In entrapment inquiries, Michigan courts follow an objective test that focuses not on the subjective perception of the defendant, but rather on the objective conduct of government agents. People v. D'Angelo, 257 N.W.2d 655, 657, 660 (Mich. 1977). Entrapment is an affirmative defense and is determined by the trial court as a matter of law. Id. at 662 and 658. To make that determination, the trial court asks whether "(1) the police engaged in impermissible conduct that would induce a law-abiding person to commit a crime in similar circumstances or (2) the police engaged in conduct so reprehensible that it cannot be tolerated." People v. Johnson, 647 N.W.2d 480, 485 (Mich. 2002). Judge Sosnick found as a matter of law that entrapment had not occurred because Sherry Jacobs, the informant, was an inmate and claimed that she merely passed along information relating to Petitioner's desire to have her husband killed because "she . . . got a pang of conscience because of kids being involved." (Evid. Hr'g Tr. 36, Apr. 27, 2005.) With respect to Officer Main's conduct, Judge Sosnick found that there was no "effort by the police to just plant this idea." (Id.) Judge Sosnick concluded that "the defense fail[ed], on its burden, to prove entrapment by a preponderance of the evidence." (Id. at 37.) Were this Court able to review Petitioner's claim that she was entrapped by officers of the Pontiac Police Department and its confidential informant, the Court would have to defer to Judge Sosnick's interpretation of state law and its finding that no entrapment in fact existed. See Bush v. Gore, 531 U.S. 98, 114 (2000).

**B. Petitioner's Claims of Sentencing Error**

Petitioner challenges the scoring of offense variables 6 and 10 of the Michigan sentencing guidelines. Offense variable 6 measures the offender's intent to kill or injure another individual. See Mich. Comp. Laws § 777.36. Petitioner asserts that she was improperly scored ten points on this offense variable because Sherry Jacobs, the confidential informant who testified that Petitioner sought her assistance in hiring someone to kill her husband, should not have been believed. Petitioner argues that nothing in her background supports the idea that she would attempt to have her husband killed, and offense variable 6 should have been scored at zero points.

Offense variable 10 measures whether and to what degree the offender exploited a vulnerable victim. See Mich. Comp. Laws § 777.40. Petitioner contends that she was improperly scored ten points, because in order to have been scored for exploiting a "domestic relationship," Mich. Comp. Laws § 777.40(1)(b), she would have had to somehow manipulate her husband in furtherance of the crime, which she did not do.

Petitioner did not object at sentencing to her score on offense variables 6 and 10; indeed, the transcript contains no reference to those offense variables. When raised on appeal, the Michigan Court of Appeals rejected the claims for "lack of merit in the grounds presented." The Michigan Supreme Court denied Petitioner's application for leave to appeal because it was "not persuaded that the questions presented should be reviewed."

The Sixth Circuit Court of Appeals has stated that a state court's interpretation and application of state sentencing guidelines is a matter of state concern only. Howard v. White, 76 Fed. App'x 52, 53 (6th Cir. 2003). Because "federal habeas corpus relief

does not lie for errors of state law," Lewis v. Jeffers, 497 U.S. 764, 780 (1990), Petitioner's challenge to the scoring of the state sentencing guidelines fails to state a claim for which habeas corpus relief may be granted. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988); Whitfield v. Martin, 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001).

Although a trial court deprives a defendant of his or her right to due process by relying on "extensively and materially false" information "which the prisoner had no opportunity to correct by the services which counsel would provide," Townsend v. Burke, 334 U.S. 736, 741 (1948), this case is distinguishable from the facts of Townsend. Here, there is "no showing of reliance on information acknowledged to be materially untrue." United States v. Trevino, 490 F.2d 95, 96 (5th Cir. 1973). Rather, Petitioner questions the credibility of a witness and challenges the trial court's assessment of whether she exploited a domestic relationship.

Furthermore, in Townsend, the unrepresented defendant had no opportunity to object to his abrupt sentencing, which was based on the judge's incorrect statement that the defendant had committed two crimes which, in fact, he had not committed. Townsend, 334 U.S. at 739-41. Petitioner, in contrast, was represented by counsel and had an opportunity to challenge the scoring of offense variables 6 and 10. The Court concludes that the trial court did not deprive Petitioner of due process, nor rely on materially false information which Petitioner had no opportunity to correct through counsel.

**IV.    Conclusion**

The state appellate court's conclusion that Petitioner's claims lacked merit did not result in a decision that was contrary to, or an unreasonable application of, Supreme

Court precedent. Accordingly,

    IT IS ORDERED that the petition for a writ of habeas corpus is DENIED.


                                      s/Marianne O. Battani  
                                      MARIANNE O. BATTANI  
                                      UNITED STATES DISTRICT JUDGE

Dated: June 25, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon all parties of record.

                                      s/Bernadette M. Thebolt  
                                      Case Manager